UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MARKIEL DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY A. SEIHEL, et al.,<br><br>Defendants. | No. 2:18-cv-1261-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF Nos. 2, 10. He has also filed a motion for emergency injunctive relief. ECF No. 16.

### Application to Proceed In Forma Pauperis

Plaintiff's application (and prisoner trust fund account statement) make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////
/////
/////

1

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

The complaint contains several different claims that bear no apparent relation to each other. First, plaintiff alleges that, on an unspecified date and while incarcerated at Deuel Vocational Institution ("DVI"), defendant J. Harrison failed to protect him by not documenting

2

unspecified safety concerns. ECF No. 1 at 4, 6. Plaintiff states that he was attacked the next day while in the "SNY-General Population." *Id.*

Second, plaintiff alleges that, after the attack, defendant Kirby failed to retrieve his property which led to unspecified pictures being stolen. *Id.* at 4.

Third, he claims knowledge that defendant Walker is a "blood gang member," who threatened that he would ensure plaintiff would be subjected to future attacks. *Id.* at 4-5. Plaintiff alleges that Walker also told him that he is a "shot-caller" for the "bloods." *Id.* at 5.

Fourth, plaintiff alleges that defendant Bristow gave him a food tray that made his mouth bleed, "amongst other side effects." *Id.* He claims to know that Bristow intended him to take a particular tray insofar as Bristow refused to let him select a tray of his choosing. *Id.* Plaintiff alleges that Bristow "attacked" him in this manner in retaliation for plaintiff's allegations against his co-workers. *Id.*

Fifth, plaintiff alleges that, after being hospitalized for stomach pains, he was transported to the medical unit where defendant Albertson was acting as supervisor. *Id.* He claims that an unidentified nurse declined to provide him with either a stool or blood test and Albertson "did nothing at all." *Id.*

Finally, plaintiff alleges that Warden Seihel, based on her supervisory positions, should "be held responsible" for the actions of the foregoing defendants. *Id.* at 7.

Plaintiff may not assert multiple, unrelated claims against different defendants in the same suit. Fed. R. Civ. P. 18; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). Therefore, his complaint must be dismissed with leave to amend. If he elects to file an amended complaint (as discussed *infra*),

/////
/////
/////
/////
/////
/////

plaintiff must select either: (1) his failure to protect claim;[1] [2] (2) his retaliation claim; or (3) his medical claims. Whichever claim he chooses to proceed on herein, any unrelated claims must be pursued by way of a separate action(s). Plaintiff is also informed that his claims against Warden Seihel fail as currently drafted insofar as there is no pure respondeat superior liability under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, plaintiff must allege facts showing that Seihel participated in, directed, or knew of the violations and failed to prevent them. *Id.*

Leave to Amend

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

/////

---

[1] The court recognizes that plaintiff's property-loss claim against Kirby are tangentially related to his failure to protect claim. Nevertheless, this claim is not cognizable. First, plaintiff does not allege that Kirby's failure to collect his property was intentional and not the result of negligence. Second, even if the deprivation was intentional, plaintiff may not state a due process if "a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Ninth Circuit has held that California law provides such a remedy for property deprivations by public officials. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).

[2] It is unclear if plaintiff's claims regarding Walker's gang-affiliation have any relevance to his failure to protect claims against Harrison. It is also unclear whether Walker every took any action against plaintiff beyond the alleged utterance of vague, verbal threats.

4

1  Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Emergency Injunctive Relief</u>

Near the end of his complaint, and in his motion, plaintiff requests that the court order the institution where he is incarcerated to grant him protective custody. ECF No. 1 at 10; ECF No. 16. The request should be denied. Plaintiff's complaint has not survived screening and, thus, he has failed to demonstrate, for the purposes of justifying preliminary injunctive relief, that he has any likelihood of success on the merits of his claims. *See, e.g., Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 U.S. Dist. LEXIS 111654, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying motion for preliminary injunction where prisoner's complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had failed to show either that he was "likely to succeed on the merits" of any claim, that "the balance of

/////

5

equities tip[ped] in his favor," or that the issuance of an injunction would serve the public interest).

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order;

4. Failure to comply with any part of this this order may result in dismissal of this action; and

5. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that plaintiff's motion for emergency injunctive relief (ECF No. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE