UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MARKIEL DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY SEIHEL, et al.,<br><br>Defendants. | No. 2:18-cv-1261-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983, moves for a temporary restraining order and/or preliminary injunction. He claims that at some unspecified time in the future, he will be transferred to another institution, and that he will not be safe if he is housed in the general population. He claims to have been labelled a "snitch" and that both correctional officers and prison gang members wish to harm him. He requests an order requiring that upon any transfer, he be placed in a protective housing unit. For the reasons that follow, the request should be denied.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439. "The

standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

/////

/////

/////

2

Plaintiff fails to meet that standard. This action proceeds on an Eighth Amendment failure to protect/deliberate indifference to safety claim against a defendant Harrison, who is employed at Deuel Vocation Institute (DVI). Plaintiff is now housed at Kern Valley State Prison, and his current request involves neither DVI nor Harrison. Because plaintiff's motion addresses conduct that is not a subject of this civil action, it does not demonstrate either a likelihood of success or a serious question going to the merits of his complaint. Generally, such unrelated allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011).

Also significant, however, is that plaintiff fails to show that he will suffer irreparable or imminent harm in the absence of the requested relief. First, there is no indication that plaintiff will be transferred to another institution any time soon. Second, even if plaintiff were transferred, there is no indication that his safety needs would go unguarded. He is currently housed in the administrative segregation unit at Kern Valley State Prison to keep him safe. ECF No. 40 at 2. There is simply no indication that those safety concerns would be disregarded upon any transfer or that he would be thoughtlessly placed in the general population if it posed a risk to his safety. For these reasons, plaintiff's motion for a temporary restraining order and/or preliminary injunction must be denied.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for a temporary restraining order and/or preliminary injunction (ECF No. 40) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 12, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE