1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME MARKIEL DAVIS,                    No.  2:18-cv-1261-TLN-EFB P

12                    Plaintiff,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14   KIMBERLY A. SEIHEL, et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Defendant J. Harrison has filed a motion for summary judgment wherein he

19   argues that plaintiff failed to exhaust his administrative remedies before filing this suit.  ECF No.

20   43.  Plaintiff has filed an opposition thereto (ECF No. 46), and defendant has filed a reply (ECF

21   No. 47).

22         After review of the pleadings and, for the reasons discussed below, the court concludes

23   that defendants' motion must be granted.

24                            Legal Standards

25         A.      Summary Judgment

26         Summary judgment is appropriate when there is "no genuine dispute as to any material

27   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary

28   judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

                                        1

1    to the determination of the issues in the case, or in which there is insufficient evidence for a jury

2    to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600

3    (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

4    *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment

5    motion asks whether the evidence presents a sufficient disagreement to require submission to a

6    jury.

7          The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

8    or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to

9    "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

10    trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R.

11    Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary

12    judgment practice, the moving party bears the initial responsibility of presenting the basis for its

13    motion and identifying those portions of the record, together with affidavits, if any, that it

14    believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323;

15    *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets

16    its burden with a properly supported motion, the burden then shifts to the opposing party to

17    present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson,*

18    477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

19          A clear focus on where the burden of proof lies as to the factual issue in question is crucial

20    to summary judgment procedures. Depending on which party bears that burden, the party seeking

21    summary judgment does not necessarily need to submit any evidence of its own. When the

22    opposing party would have the burden of proof on a dispositive issue at trial, the moving party

23    need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National*

24    *Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters

25    which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-

26    24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

27    summary judgment motion may properly be made in reliance solely on the 'pleadings,

28    depositions, answers to interrogatories, and admissions on file.'"). Summary judgment should be

entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322.  In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine.  In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question.  Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

/////

1    The court does not determine witness credibility.  It believes the opposing party's

2    evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

3    *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

4    proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

5    *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

6    dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at

7    issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

8    Cir. 1995).  On the other hand, the opposing party "must do more than simply show that there is

9    some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could

10   not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

11   trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant

12   summary judgment.

13       B.       Administrative Exhaustion

14       The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action

15   shall be brought with respect to prison conditions under section 1983 . . . or any other Federal

16   law, by a prisoner confined in any jail, prison, or other correctional facility until such

17   administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA

18   applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is

19   only required to exhaust those remedies which are "available."  *See Booth v. Churner*, 532 U.S.

20   731, 736 (2001).  "To be available, a remedy must be available as a practical matter; it must be

21   capable of use; at hand."  *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v.*

22   *Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

23       Dismissal for failure to exhaust should generally be brought and determined by way of a

24   motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *Id.* at

25   1168.  Under this rubric, the defendant bears the burden of demonstrating that administrative

26   remedies were available and that the plaintiff did not exhaust those remedies.  *Id.* at 1172.  If

27   defendant carries this burden, then plaintiff must "come forward with evidence showing that there

28   is something in his particular case that made the existing and generally available administrative

4

1    remedies effectively unavailable to him." *Id.*  If, however, "a failure to exhaust is clear on the

2    face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

3                                                     Analysis

4          I.      Background

5          Plaintiff alleges that, on April 11, 2017, he arrived at Deuel Vocational Institute ("DVI"),

6    and informed defendant Harrison that he required protective custody due to a contracted hit

7    against him.  ECF No. 20 at 2.  He claims that he told Harrison that he had previously been

8    assaulted by members of the "Norteno Riders" and "Zilla Bloods." *Id.*  Sometime after this

9    conversation, however, plaintiff alleges that Harrison informed him he would not be placed in

10   protective custody and that unnamed "higher-ups" had made this determination. *Id.* at 3.

11         The following day, April 12, 2017, plaintiff claims he was attacked by four other inmates

12   on the yard. *Id.* at 4.  He was forced to defend himself until correctional officers could break up

13   the assault. *Id.*  Plaintiff now contends that Harrison violated his Eighth Amendment rights by

14   failing to assign plaintiff to protective custody until an investigation could confirm the threats he

15   had articulated on April 11, 2017. *Id.*

16         II.     Argument

17         Defendant Harrison provides records indicating that, during plaintiff's custody with

18   California Department of Corrections and Rehabilitation ("CDCR"), he submitted and fully

19   exhausted five non-healthcare related grievance appeals.  ECF No. 43-4 at 3, ¶ 9, Declaration of

20   A. Vasquez.  Of those five, only one related to the assault on April 12, 2017– grievance number

21   DVI-17-01158. *Id.* at 3, ¶¶ 9-10.  The appeal is attached to the foregoing declaration. *Id.* at 12-

22   15.  Therein, plaintiff does not identify any specific staff member, but he does note that upon

23   arrival at DVI he told "the sergeant" that he had safety concerns and explained that "they will try

24   to hurt me if I get on the yard." *Id.* at 12.  The substance of that grievance – that is, the matter

25   plaintiff complains about – is not "the sergeant's" conduct, however.  Instead, he argues that his

26   good-time credits – apparently revoked as a result of the altercation – should be returned because

27   he was not an instigator of the fight. *Id.* at 13-14.  The grievance bypassed the first level of

28   /////

                                                        5

1   review, was denied at the second, and ultimately denied again at the third and final level. *Id.* at

2   10-11, 13-14, 16-17.

3      Defendant Harrison argues that, as of January 28, 2011, CDCR regulations required

4   inmates to "identify by name and title or position each staff member alleged to have been

5   involved in the action or decision being appealed, along with the dates each staff member was

6   involved in the issue being appealed." ECF No. 43-2 at 6 (citing Cal. Code Regs. tit. 15,

7   § 3084.2(a)(3) (2017)). The regulations also require the inmate to describe how the staff

8   member(s) was involved in the issue raised in the complaint. *Id.* Harrison contends that the

9   grievance at issue does not exhaust any claims against him insofar as the issue complained of was

10  the issuance of a disciplinary violation to plaintiff after the fight, rather than any failure in

11  assignment to protective custody prior to the altercation. *Id.* at 7. He notes that the appeal was

12  administratively classified as "disciplinary" in nature, which allowed it to bypass first level

13  review. *Id.* He also points out that the responses at the second and third level focused on the

14  hearing and the adjudication of the rules violation report plaintiff was assessed, rather than the

15  propriety of Harrison's conduct at intake. ECF No. 43-4 at 10 (Third level response, noting that

16  "[i]t is appellant's position he was inappropriately charged with fighting and inappropriately

17  found guilty of the offense . . . . [t]he appellant requests that the forfeiture of credit is restored and

18  that the points are removed from his Placement Score."), 16 (Second level response, noting that

19  the issues raised by appeal were "to have the RVR dismissed" and "to have your credits

20  restored."). Finally, Harrison points out that plaintiff failed to identify him by name, failed to

21  expound upon the nature of Harrison's involvement in not placing him in protective custody, and

22  failed to provide dates of their encounter. ECF No. 43-2 at 8.

23     In his opposition, plaintiff argues that he provided sufficient information from which

24  Harrison could be identified. ECF No. 46 at 3. Additionally, he contends that his grievance

25  focused on the RVR and the restoration of his credits, rather than Harrison's conduct, because

26  those were the remedies that were potentially available to him in the grievance process. *Id.* at 2.

27  /////

28  /////

He notes that monetary damages – the type which he now seeks from Harrison in this action – were not available in the grievance process. *Id.* Plaintiff does not identify any other relevant grievances.

In his reply, Harrison correctly notes that the unavailability of certain forms of relief in the prison grievance process does not relieve an inmate of his obligation to exhaust administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("[A] prisoner must now exhaust administrative remedies even where the relief sought--monetary damages--cannot be granted by the administrative process."). The question then, is whether grievance DVI-17-01158 alerted "the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)). Here, a reading of the record plainly indicates that reviewing officials understood the issue to be one of disciplinary consequence – whether plaintiff ought to have been assessed an RVR (and subsequent loss of credits) for participating in the fight that occurred on April 12, 2017. Their reading is consistent with the grievance plaintiff submitted which, as he acknowledges in his opposition, focused on restoration of his credits rather than any wrongdoing by Harrison. Thus, prison officials were not afforded an opportunity to address Harrison's alleged failure to protect because the conduct of "the sergeant" on April 11, 2017 was offered only as background to the disciplinary which plaintiff chose to emphasize. *See Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) ("[T]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution . . . .") (quoting *Griffin*, 557 F.3d at 1120). This finding is consistent with other decisions in this district. *See, e.g., Stewart v. Brown*, No. 1:10-cv-01093-LJO-JLT (PC), 2012 WL 4934677, 2012 U.S. Dist. LEXIS 148192, *8, (E.D. Cal. Oct. 15, 2012) (aff'd *Stewart v. Brown*, 584 F. App'x 613 (9th Cir. 2014) (finding that a grievance challenging RVR findings related to an assault was not sufficient to exhaust a failure to protect claim related to that assault)).

/////

/////

/////

Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant Harrison's motion for summary judgment (ECF No. 43) be GRANTED and plaintiff's claim against him be DISMISSED without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 5, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE